UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAYMEIS JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-01528-JMS-TAB |
| | ) |
| CARL KUENZLI, | ) |
| JOHN NWANNUNU, | ) |
| ASHLEY MARTIN, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Unopposed Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Daymeis Jones is an insulin-dependent diabetic, and he is currently incarcerated at Westville Correctional Facility. He filed this civil rights action under 42 U.S.C. § 1983, alleging that the defendants exhibited deliberate indifference to his serious medical needs by inadequately providing insulin shots and glucose monitoring while he was incarcerated at New Castle Correctional Facility. Specifically, he alleges that defendant Nurse Martin[1] did not provide him thrice daily glucose monitoring and insulin shots. He alleges that defendants Dr. Carl Kuenzli and Dr. John Nwannunu ignored letters Mr. Jones sent complaining about the missed glucose monitoring and insulin shots. See dkt. 12 (screening order).

All three defendants request judgment as a matter of law. The designated evidence establishes that Dr. Kuenzli cannot provide the requested injunctive relief and had no authority

---

[1] Mr. Jones named "Ashley Martin" as a defendant. Dkt. 1 at 2. Counsel waived service and entered an appearance for "Sarah Martin." Dkts. 22, 23. Sarah Lawson filed an affidavit in support of the motion for summary judgment, *see* dkt. 38-3, and counsel represents that "Sarah Martin" is "also known as Sarah Lawson," dkt. 37 at 22. Mr. Jones did not object when counsel referenced "Sarah Martin" during the deposition, *see* dkt. 38-4 at 20, and he did not respond to the motion for summary judgment. Therefore, the Court assumes that Sarah Lawson is the proper defendant in this action, and the Court will refer to her as "Nurse Martin" to mirror the motion for summary judgment and brief in support.

1

over Mr. Jones's care at the time relevant to the complaint, and thus he is entitled to judgment as a matter of law on the claims against him in both his official and individual capacities. The claim against Dr. Nwannunu in his individual capacity fails because there is no evidence that Dr. Nwannunu knew of an excessive risk to Mr. Jones's health and safety. Finally, the claim against Nurse Martin in her individual capacity fails because there is insufficient evidence upon which a reasonable jury could conclude that she was deliberately indifferent to Mr. Jones's serious medical needs. Therefore, the unopposed motion for summary judgment, dkt. [36], is **granted**.

## I. Summary Judgment Standard

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). However, because Mr. Jones failed to respond to the summary judgment motion, the facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1(f); *see also* S.D. Ind. L.R. 56-1(b) (party opposing summary judgment must file response brief and identify disputed facts). In addition, the Court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for

evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017). In this case, that means that the Court declines to *sua sponte* consider the verified complaint as evidence for purposes of summary judgment consistent with Local Rule 56-1(h). *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (district judges may strictly enforce local summary-judgment rules); dkt 39 (notifying Mr. Jones of the consequences of not responding to the motion for summary judgment); *see also Jones v. Van Lanen*, 27 F.4th 1280, 1285–86 (7th Cir. 2022) (stating that verified pleading may be treated as an affidavit in the context of evaluating a summary judgment motion).

"Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II. Summary Judgment Evidence

Mr. Jones was diagnosed as diabetic when he was 14 years old. Dkt. 38-4 at 27. Since his diagnosis, he takes insulin three to four times a day. *Id.* at 28. While incarcerated at New Castle, Mr. Jones had a medical history positive for diabetes myelitis, and he was insulin dependent. He received both regular Novolin insulin, as well as Novolin NPH insulin. Dkt. 38-2 at ¶ 5.

Dr. Nwannunu is a physician who served at New Castle from late 2019 to early 2021. *Id.* at ¶¶ 1-2. He treated Mr. Jones for diabetes during that time. *Id.* at ¶ 4. Dr. Nwannunu testified that Mr. Jones's medical records reflect that Mr. Jones was seen consistently regarding his diabetes, had active prescriptions for insulin at all times, alterations were made to these dosages and prescriptions based upon Mr. Jones' A1c and blood sugar levels, and that Mr. Jones was persistently non-compliant with the prescriptions as ordered. *Id.* at ¶ 29.

Dr. Nwannunu does not personally administer insulin. Instead, nursing staff at the facility will administer insulin pursuant to his orders. Mr. Jones has a choice to refuse insulin if he believes it is in his best interest. While Mr. Jones has been persistently noncompliant, Dr. Nwannunu has continued with his orders that Mr. Jones have access to insulin, despite Mr. Jones's failure to follow medical instructions. Dkt. 38-2 at ¶ 32.

Dr. Kuenzli is a physician who worked at Miami Correctional Facility from July 2018 to June 2021. Dkt. 38-1 at ¶¶ 1-2. According to Dr. Kuenzli's review of the records, throughout 2019 and 2020, he had no direct involvement in the care and treatment provided to Mr. Jones. *Id.* at ¶5. At that time, Dr. Kuenzli was practicing medicine at the Miami Correctional Facility. *Id.* In Dr. Kuenzli's role at the Miami Correctional Facility, he did not oversee the provision of medical services at New Castle and would not approve treatment plans for diabetics. *Id.* Dr. Kuenzli is not aware of any face-to-face interactions he would have had with Mr. Jones during 2019 or 2020. *Id.*

Finally, Nurse Martin was employed as a nurse at New Castle from March 2019 to April 2020, and she "would often dispense insulin to patients during scheduled 'lines', which were ran multiple times per day." Dkt. 38-3 at ¶¶ 1-5. Insulin would be administered to patients pursuant to the orders of a physician and would be specific to each individual patient. *Id.* at ¶ 5. Ms. Martin does not independently recall any specific interactions with the Plaintiff Daymeis Jones. *Id.* at ¶ 4. As a nurse, Ms. Martin did not have the authority to order insulin, or make changes to the prescription given by a physician. *Id.* at ¶ 6. Mr. Jones testified at his deposition that he is suing Defendant Sarah Martin, LPN, because:

> [W]hen my blood sugar was low one time, she refused to come give me my insulin -- I mean, she refused to come and get me to treat my blood sugar low. And I had to -- my cellmate woke me up. And he had to Cadillac to get me some food in order for me to eat. Because the nurse wouldn't come -- they was hitting the button and she said she wouldn't come in there or nothing like that, so I was forced

4

>and stand there by myself and suffer while my cellmate helped me out and get me back to consciousness.

Dkt. 28-4 at p. 20-21.

In February 2020, Mr. Jones submitted a healthcare request asking to no longer be refused his insulin and Accu-Cheks because his glucose had not been stable. Dkt. 38-5 at p 1. In response to this request, he was seen on February 28, 2020, during nurse sick call by LPN Erica Jones, who noted that Mr. Jones was not being refused insulin or Accu-Cheks, but according to custody he was refusing to come out of his cell when called for insulin. The medical record states: "He has admitted to this writer that he has refused before when custody has told him he had to cuff up to come out for insulin line." Dkt. 38-5 at 54-55. Nurse Jones further recorded that Mr. Jones "refuses some, if not all, of his insulin at each accucheck daily." *Id.* at 55.

### III. Analysis

Mr. Jones alleges that the medical treatment he received—or did not receive—violated the Eighth Amendment. He contends that Dr. Kuenzli and Dr. Nwannunu acted with deliberate indifference by failing to intervene when Mr. Jones informed them of the missed glucose monitoring and insulin shots and that Nurse Martin displayed deliberate indifference to his serious medical needs by failing to provide glucose monitoring and insulin shots. Dkt. 1 at 9-13. Each defendant seeks judgment as a matter of law, *see* dkts. 36 and 37, and Mr. Jones did not respond in opposition to the motion for summary judgment.

Because Mr. Jones is a convicted prisoner, his medical treatment is evaluated under standards established by the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). The Eighth Amendment "protects prisoners from prison conditions that

cause the wanton and unnecessary infliction of pain." *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). "To determine if the Eighth Amendment has been violated in the prison medical context, [the Court] perform[s] a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 772, 727-728 (7th Cir. 2016) (en banc). The defendants do not dispute that Mr. Jones's diabetes constitutes a serious medical condition. Dkt. 37 at 17-18. Thus, the availability of judgment as a matter of law turns on whether there is sufficient evidence upon which a reasonable jury could conclude that they were deliberately indifferent to Mr. Jones's diabetes.

"A prison official is deliberately indifferent only if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016) (quoting *Farmer*, 511 U.S. at 837). This is a subjective test: "[t]he defendant must know of facts from which he could infer that a substantial risk of serious harm exists, and he must actually draw the inference." *Id.*; *Petties*, 836 F.3d at 728. A court should "look at the totality of an inmate's medical care when considering whether that care evidences deliberate indifference to serious medical needs." *Petties*, 836 F.3d at 728.

### A. Dr. Kuenzli

Mr. Jones has sued Dr. Kuenzli in his official for injunctive relief and his individual capacity for money damages. *See* dkt. 12 at 3. Both claims fail, however, because the designated evidence shows that Dr. Kuenzli has no authority to provide injunctive relief and was not involved in or responsible for Mr. Jones's medical care in February 2020.

Mr. Jones asserts a claim against Dr. Kuenzli in his official capacity because Mr. Jones seeks injunctive relief. *See* dkt. 12 at 3; dkt. 1 at 15. A claim for injunctive relief becomes moot

when "the defendant discontinues the conduct in dispute." *Aslin v. Fin. Indus. Reg. Auth.*, 704 F.3d 475, 477-78 (7th Cir. 2013); *see also Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief . . . become[s] moot."). Here, Mr. Jones filed his complaint while incarcerated at New Castle. *See* dkt. 1. He has since been transferred to Westville. Dkt. 38-4 at 11. Additionally, it is undisputed that Dr. Kuenzli was not responsible for Mr. Jones's medical care at the time he filed the complaint and also is not currently responsible for providing medical treatment to Mr. Jones. *See* dkt. 38-1. Because there is no evidence that Dr. Kuenzli can provide injunctive relief to Mr. Jones, the official-capacity claim against Dr. Kuenzli is moot and Dr. Kuenzli is entitled to judgment as a matter of law.

With respect to the claim against Dr. Kuenzli in his individual capacity, "[i]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted); *see also Kuhn v. Goodlow*, 678 F.3d 552, 555-56 (7th Cir. 2012) ("[W]e begin by identifying the one guiding principle that controls this dispute. That is, § 1983 liability is premised on the wrongdoer's personal responsibility."). Dr. Kuenzli served as a physician at Miami Correctional Facility from July 2018 to June 2021, and he avers that he "had no direct involvement in the care and treatment provided to" Mr. Jones. Dkt. 38- at ¶¶ 2, 5. Mr. Jones has presented no evidence to refute Dr. Kuenzli's assertion. Because the undisputed evidence is that Dr. Kuenzli was not personally involved in Mr. Jones's medical care at New Castle, Mr. Jones's claim against Dr. Kuenzli in his individual capacity must fail.

### B. Dr. Nwannunu

Mr. Jones's claim against Dr. Nwannunu arises from Dr. Nwannunu's alleged failure to intervene after Mr. Jones sent a letter detailing the missed glucose monitoring and insulin shots. Dkt. 1 at 11. For the reasons explained below, Dr. Nwannunu is entitled to judgment as a matter of law on this claim.

"A prison official is deliberately indifferent only if he 'knows of and disregards an excessive risk to inmate health or safety.'" *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016) (quoting *Farmer*, 511 U.S. at 837). "The key question is whether [the defendant] had sufficient knowledge of the danger such that one can infer he intended to inflict the resultant injury." *Flores v. City of South Bend*, 997 F.3d 725, 729 (7th Cir. 2021) (cleaned up).

Here, Mr. Jones has not presented evidence that Dr. Nwannunu had sufficient knowledge of the missed glucose monitoring and insulin shots to support an inference that he intended the harm Mr. Jones alleges he suffered. Although Mr. Jones alleged that he sent a letter to Dr. Nwannunu about the missed glucose monitoring and insulin shots, *see* dkt. 1 at 11, there is no evidence in the summary judgment record that this letter was sent or that Dr. Nwannunu actually received such a letter. In addition, while the medical records submitted by the defendants post-date the relevant timeframe—February 2020—they demonstrate that Dr. Nwannunu consistently met with Mr. Jones to discuss his diabetes, routinely ordered tests of Mr. Jones's glucose, and frequently stressed the importance of taking insulin as ordered. Dkt. 38-5; *see also* dkt. 38-2 at ¶¶ 10-27.

There is no evidence in the summary judgment record to establish that Dr. Nwannunu knew of a risk to Mr. Jones's health and safety based on the alleged denial of glucose monitoring and insulin shots. Instead, the record reflects that Dr. Nwannunu believed Mr. Jones was non-compliant

and refusing treatment. Without evidence that Dr. Nwannunu knew Mr. Jones was denied glucose monitoring and insulin shots, Mr. Jones's claim against Dr. Nwannunu must fail. *See Wragg v. Village of Thornton*, 604 F.3d 464, 469 (7th Cir. 2010) (granting summary judgment in favor of defendants because plaintiff presented no evidence from which a reasonable jury could find that defendants knew actions posed a substantial risk of a constitutional violation).

### C. Nurse Martin

Mr. Jones seeks to hold Nurse Martin liable under the Eighth Amendment on the basis that she failed to provide the glucose monitoring and insulin shots that Mr. Jones needed in February 2020. Dkt. 1 at 9. Nurse Martin contends that she is entitled to summary judgment because Mr. Jones "has failed to present admissible evidence that would allow a rational juror to find deliberate indifference against her." Dkt. 37 at 22-23. In addition, she notes that Mr. Jones "has failed to present evidence that he (1) required immediate medical attention, or (2) that Ms. Martin failed to respond despite having notice of any such need." Dkt. 37 at p. 23. In the absence of any response from Mr. Jones, the court cannot reach any other conclusion based on the summary judgment record. Mr. Jones has not presented any admissible evidence that Nurse Martin was deliberately indifferent to his serious medical needs, and she is entitled to judgment as a matter of law.

### IV. Conclusion

For the reasons explained above, the motion for summary judgment, dkt. [36], is **granted.** Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/14/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

DAYMEIS JONES
245054
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com